UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MIKE VIGIL,

      Plaintiff,

v.

MIDAS INTERNATIONAL CORPORATION; OCEAN AUTOMOTIVE LLC,

      Defendants.

Case No. 2:21-cv-02064-GMN-EJY

**ORDER**

**AND**

**REPORT AND RECOMMENDATION**

Pending before the Court is a document titled Final Judgment Demand Jury Trial (ECF No. 5) that the Court construes as a First Amended Complaint filed by Plaintiff.  The Court previously recommended Plaintiff's claims be dismissed with prejudice because the deficiencies were so overwhelming that they could not be overcome.  ECF No. 3.  Plaintiff objected to the Court's Order and filed the pending document five months later.

**I.      Screening the Complaint**

The Court screens Plaintiff's Amended Complaint under 28 U.S.C. § 1915.  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v.*

1

*Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 and n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

**II.       Federal Question Jurisdiction and Plaintiff's Claims**

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Plaintiff's filing appears to allege federal question jurisdiction based on a violation of federal hate crime statutes.

The federal hate crime statute upon which Plaintiff relies is 18 U.S.C. § 249.  Subsection (a)(1) of the statute makes it a criminal offense to cause bodily injury to any person "because of race, color, religion, or national origin … ."  Subsection (a)(2) of the statute makes it a criminal offense to cause bodily injury to any person "because of the actual or perceived religion, national origin, gender, sexual orientation, gender identity, or disability … ."  However, "[a] private citizen

may not sue under the federal criminal laws absent some language in the statute that suggests a private right of action." *Bey v. City of Oakland*, Case No. 14-cv-01626-JSC, 2014 WL 4220319, at *3 (N.D. Cal. Aug. 25, 2014) (citing *Ou-Young v. Vasquez*, Case No. 12-CV-02789-LHK, 2012 WL 5471164, at *4 (N.D. Cal. Nov. 9, 2012) (citing *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979))).  Nothing in Section 249 suggests a private right of action.  *Id.* (citing *Turner v. Tierney*, Case No. C 12-6231 MMC, 2013 WL 1003634, at *4 (N.D. Cal. Mar. 13, 2013); *Wiley v. California*, Case No. 1:11-cv-00866-LJO-JLT, 2011 WL 6012423, at *4 (E.D. Cal. Nov. 30, 2011) (report and recommendation), *adopted*, slip op. (E.D. Cal. Dec. 14, 2011), ECF No. 11).  As there is no private right of action under Section 249, Plaintiff's Amended Complaint fails to state a claim.

## III.    Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Amended Complaint (ECF No. 5) be DISMISSED with prejudice.

Dated this 27th day of April, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).